IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOILERMAKER-BLACKSMITH ) | |
| NATIONAL PENSION FUND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 10-CV-2664-CM |
| ) | |
| A & B WELDING & CONSTRUCTION, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiffs bring this cause of action under §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145 to recover fringe benefit contributions from defendant. This matter is before the court on plaintiffs' Motion for Default Judgment (Doc. 10). A court may enter a default judgment without a hearing when the claimed damages are capable of mathematical calculation. *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). For the following reasons, plaintiffs' motion is granted.

**I.      Background**

Plaintiffs are employee benefit plans and the duly appointed and acting fiduciaries. Plaintiffs filed the complaint on December 10, 2010, and served defendant on December 17, 2010. Defendant did not appear, answer, or defend, and the clerk entered default against defendant on May 9, 2011. Defendant still has not appeared, and plaintiffs moved for default judgment on July 14, 2011. On October 12, 2011, the court ordered plaintiffs to update the financial information to ensure that any award entered by this court was accurate. Plaintiffs provided the updated financial information and

-1-

accompanying affidavits on October 20, 2011.  Based on the updated information, plaintiffs seek default judgment in the following amounts:

| Liquidated Damages: | $ 171,218.94 |
| Interest as of October 21, 2011: | $41,649.91 |
| Costs: | $468.75 |
| Attorney's Fees: | $3,667.75 |
| Total: | **$217,005.35** |

**II.	Liquidated Damages**

In the complaint, plaintiffs seek $112,888.40 in liquidated damages, which represents twelve percent of the delinquent contributions for May through August of 2010.[1]  (Doc. 1.)  In the motion for default judgment, plaintiffs seek $171, 218.94, in liquidated damages.  The increased amount includes the original amount of liquidated damages as well as additional liquidated damages that accrued during this lawsuit.

In requesting relief, plaintiffs must comply with Federal Rule of Civil Procedure 54(c), which limits an award on default judgment to the amount of relief requested in the complaint.  The rule provides: "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  The purpose of this rule is to provide defending parties with adequate notice of the potential damages for which they may be liable.  *See Albert v. Wesley Health Servs.*, No. 00-2067-KHV, 2001 WL 503241, at *1 (D. Kan. May 10, 2001).

The court acknowledges that plaintiffs, in the complaint, seek less than the specified monetary damages listed above.  However, plaintiffs' complaint states that defendant is liable for unknown

---

[1]   In both the complaint and motion for default judgment, plaintiffs seek liquidated damages, accrued interest, costs and attorney's fees.  Although the liquidated damages and accrued interest amounts are based on the delinquency of the contributions, plaintiffs do not seek any unpaid contributions.  It appears, based on plaintiffs' complaint and motion for default judgment, that defendant has paid the delinquent contributions.

amounts in delinquent contributions and, further, that defendant is liable for liquidated damages and interest based on the delinquent contributions.  (Doc. 1 at 6.)  Because the complaint also referred to unknown damages and set forth additional language in the demand section seeking those unspecified amounts, the court finds the complaint provided defendant with adequate notice of the potential damages.  The court notes, however, that clearer language could better articulate a demand for additional, unspecified damages.[2]  Notwithstanding this comment, the court finds the notice requirement of Rule 54(c) satisfied.  Therefore, the court awards $171,218.94 in liquidated damages.

## III.     Interest

In the complaint, plaintiffs seek $17,539.88 in accrued interest.  In their motion for default judgment, plaintiffs' seek $41,649.91, in interest.  The increased amount includes interest on the additional liquidated damages as well as interest that accrued during the lawsuit.  As explained above, the court finds the complaint provided defendant with sufficient notice that plaintiff could seek unspecified amounts in liquidated damages.  The complaint also expressly demanded interest that accrues during the pendency of this matter.  (Doc. 1 at 8.)  Therefore, the court awards $41,649.91, in interest.

## IV.     Costs and Attorney's Fees

In the complaint, plaintiffs seek costs and reasonable attorney's fees pursuant to the collective bargaining agreement. Plaintiffs submitted an affidavit that outlines costs in the amount of $ 468.75, and attorney's fees in the amount of $3,667.75.  Accordingly, plaintiff's request for costs and attorney's fees is granted in the amount of $4,136.5.

---

[2] *See generally Finkel v. Triple A Group, Inc.*, 708 F. Supp. 2d 277, 282 (E.D.N.Y. 2009) (finding request in complaint sufficient for unpaid contributions that might become due and owing during the litigation when it sought the amount due "for any weeks of required contributions that are unpaid as of the date judgment is entered"); *Ames v. Stat Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005).

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Default Judgment (Doc. 10) is granted.  The court awards default judgment in favor of plaintiffs in the total amount of $217,005.35.  The court directs the Clerk to enter default judgment in that amount.

Dated this 28th day of October, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**